WESTBERG, Respondent, vs. KIMBERLY-CLARK COMPANY, Appellant.

*November 18—December 8, 1914.*

*Master and servant: Injury: Fall of elevator: Contributory negligence: Questions for jury.*

The platform of a freight elevator in a paper mill stood open and at the level of an upper floor, with a bale of paper stock weighing 700 or 800 pounds upon it. The cables of the elevator were partially unwound and hung loose on or below its top. An employee wishing to go to a lower floor stepped upon the platform, and the elevator at once fell to the basement and he was injured. *Held*, that the question of his contributory negligence was for the jury.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Hooper & Hooper,* and oral argument by *Moses Hooper.*

For the respondent there was a brief by *Bouck & Hilton, Edward J. Dempsey,* and *John F. Kluwin,* and oral argument by *Mr. Kluwin* and *Mr. Dempsey.*

TIMLIN, J.   The respondent, an employee of appellant, had a verdict for $7,500 damages for personal injuries caused by appellant's negligence.   The only question raised upon this appeal by the learned counsel for appellant is whether there was such affirmative proof of contributory negligence on the part of the respondent that the verdict of the jury acquitting respondent of such negligence has no support.

The appellant owns two paper mills side by side, and recessed in one but serving both is a freight elevator which is used for conveying raw material called paper stock from one floor up to other floors and is also used by the employees in going from floor to floor.   The floors served by this elevator are upon different levels in each building, but we find no figures which would enable us to state the extent of these differences.   According to evidence which the jury was warranted in believing, the respondent and another employee in the course of their employment, desiring to descend to a lower floor, found the elevator platform open and level with the floor upon which they stood, and standing still with a bale of seven or eight hundred pounds of paper thereon.   They stepped upon the elevator and it at once fell to the basement, injuring the plaintiff.   The elevator was equipped with no clutch or governor or other safety device.   It was lifted and lowered by twin cables fastened to the arched top of the elevator frame and passing around revolving drums, which the evidence does not clearly describe either as to location or operation.   It is inferred with probable accuracy that the ele-

vator was merely held in place by pinching or binding on the sides and that the cables were unwound from the drum and hung down more or less into the elevator or at least below the arch or upper portion of the elevator. An experiment was made by defendant some time later with the elevator about a foot and a half below this floor, a bale of paper thereon, and with unwound cables. Photographs were taken of the elevator at this time which indicate that the cables would hang down below the arch or top of the elevator to about the height of a man's head from the elevator floor and nearly to the top of the bale of paper, but on the other or distant side of the elevator arch. It is argued that this photograph established that the loose cables were visible to the plaintiff when he entered the elevator and that he must have seen them and from this have known the probable consequences of stepping onto the elevator while it was in this condition, and hence he was guilty of contributory negligence.

The analogy of contributory negligence at a highway crossing of a railroad is invoked. It is said that one who crosses the railroad track in advance of an approaching train seeing the train, is guilty of contributory negligence in attempting to cross, and that if he cross in advance of such approaching train without seeing the train he is likewise guilty of negligence in not seeing the train, or that he must have seen had he looked and his statement that he did not see it will not be accepted. But the analogy is imperfect. The railroad crossing is always dangerous to pedestrians and it furnishes a warning itself. An elevator standing at a floor with seven or eight hundred pounds weight thereon and cables hanging down is not always dangerous. That depends upon its construction and its equipment. An approaching train is much larger, much noisier, and much more conspicuous than a wire cable or two wire cables. The inference of danger from an oncoming train is more certain and the consequences of collision more apparent. One might well enter an elevator

without glancing at the cables or glancing over his head and not see the cable, as plaintiff testifies he did. The photographs, while they make it probable, do not make it certain that the cables hung just in that way at the time of the injury. Indeed, there is the statement of a witness that the cables hung loose on top of the elevator. Whether the plaintiff's conduct in entering the elevator as he did was that of an ordinarily prudent person was, we think, a question of fact for the jury. Even if we were to assume that the cables were hanging loose as they appear in the photograph at the time of the injury, that would not be a certain indication of danger unless one observing the cables was familiar with the mechanism of the elevator. We consider that the question of plaintiff's contributory negligence was for the jury.

*By the Court.*—Judgment affirmed.

KERWIN, J., took no part.